United States District Court
Southern District of Texas
**ENTERED**
October 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| BRADLEY THOMAS BOONE, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00340 |
| | § | |
| FRANK J BISIGNANO, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Bradley Boone brings this action under 42 U.S.C. § 405(g) seeking "enforcement of, and relief from, the Social Security Administration's alleged failure to comply with the court's prior federal remand order in case# 3:19-cv-175." Dkt. 1 at 1. Specifically, Boone seeks review of "an unfavorable decision dated December 17, 2020." *Id.* at 2.

More than three years ago I reviewed and affirmed, under § 405(g), the Commissioner's unfavorable December 17, 2020 decision. *See* Opinion and Order, *Boone v. Saul*, No. 3:21-cv-00279 (S.D. Tex. June 29, 2023), ECF No. 32 (affirming the Commissioner's December 17, 2020 decision). Not only have I already reviewed the Commissioner's unfavorable December 17, 2020 decision under § 405(g), but the Fifth Circuit Court of Appeals has affirmed my review of the Commissioner's December 17, 2020 decision. *See Boone v. O'Malley*, No. 23-40401, 2023 WL 9018388, at *2 (5th Cir. Dec. 29, 2023) (holding that the Commissioner's December 17, 2020 decision "faithfully adhered to" the district court's remand order). Boone cannot, two and half years after the Fifth Circuit affirmed my June 29, 2023 order affirming the Commissioner's December 17, 2020 decision, seek a second review of the December 17, 2020 decision.

"Generally, res judicata is an affirmative defense that must be pleaded, not raised *sua sponte*." *Mowbray v. Cameron County*, 274 F.3d 269, 281 (5th Cir.

2001). One notable exception to this rule, however, is when a district court dismisses an action "sua sponte on res judicata grounds" because "both actions were brought before the same court." *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980). Such is the case here. Boone has already sought and received review of the Commissioner's unfavorable December 17, 2020 decision from this court. "A second complaint cannot command a second consideration of the same jurisdictional claims" under § 405(g). *Id.* (cleaned up). Accordingly, this court should sua sponte dismiss this action on the grounds of res judicata.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 5th day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE